UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN M. GARNER,

                                  Plaintiff,

                -vs-                                                        06-CV-769C

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                                  Defendant.

---

On July 2, 2007, plaintiff obtained a favorable judgment from the court remanding his claim for disability insurance benefits to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Subsequently, he filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The parties have agreed to an EAJA award of $3,185.72 in fees and expenses, plus $250.00 in costs. The defendant does not contest the amount of the EAJA request and opposes the motion only to the extent that plaintiff's counsel seeks to have the award paid directly to him. In the past, the government's practice has been to remit the fee directly to the attorney. Defendant now takes the position that any EAJA award must be paid directly to the prevailing plaintiff. This change in policy appears to be motivated by the government's recent ability, under the Department of Treasury's Offset Program, to electronically track those persons owing federal debts and potentially to charge an offset against an EAJA attorney fee award paid directly to a prevailing claimant. The precise issue has not been decided in the Second Circuit. For the reasons that follow, the plaintiff's motion is granted.

The defendant contends that the plain language of the EAJA dictates that fee

awards be made payable to the "prevailing party" in the litigation. Section 2412(d)(1)(A) of the EAJA provides "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(A). On the other hand, plaintiff cites the "Savings Provision" of the 1985 amendments to the EAJA, which reads in pertinent part:

> Section 206(b) of the Social Security Act . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code . . . . Section 206(b)(2) of the Social Security Act . . . shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act . . . and section 2412(d) of title 28, United States Code . . ., the claimant's attorney refunds to the claimant the amount of the smaller fee.

Equal Access to Justice Act, Pub. L. 96-481, as amended by Pub. L. 99-80, 99 Stat. 186 (1985). Thus, plaintiff argues that such a provision contemplates payment of the fee to the attorney and would be unnecessary if the award was paid directly to the claimant. The the Savings Provision indeed suggests a congressional understanding that the fee award is to be paid directly to the attorney.

Looking further into congressional intent, it is apparent that one of the purposes of the EAJA is to remove financial deterrents for those challenging unreasonable government action. *See Vacchio v. Ashcroft,* 404 F.3d 663, 668 (2d Cir. 2005). This purpose of the EAJA is upheld if attorneys are encouraged to provide legal representation in Social Security cases with the promise of payment should the representation be successful and the claimant prevail against the Commissioner. The practice of remitting the fee directly to the plaintiff would certainly discourage the representation by counsel of Social Security claimants, many of whom are burdened with debt as they wait for their cases to be resolved, as there would be no certainty that the fee would not be reduced by an offset.

The award of the fee to a prevailing claimant could also provide an unintended windfall to a plaintiff who may not object to a government offset in order to discharge a federal debt with funds intended for the attorney.  Not only does this frustrate the remedial purposes of the statute, but places the attorney and client in the untenable position of competing for the attorney fee award.

None of the cases cited by the defendant directly addresses the issue at hand.  *See, e.g., Oguachuba v. I.N.S.,* 706 F.2d 93 (2d Cir. 1983) (attorney lacks standing to apply for fees in his own name); *Eustache v. Sec'y of Health and Human Servs.,* 601 F. Supp. 176, 178 (E.D.N.Y. 1985) (fees awarded to attorney under Social Security Act and to plaintiff under EAJA); *Soto-Valentin v. Heckler*, 619 F. Supp. 627, 632 (E.D.N.Y. 1985) (same); *Tripodi v. Heckler*, 100 F.R.D. 736, 738 (E.D.N.Y. 1984) (attorney may not seek fees on his own behalf).  In *Evans v. Jeff D.*, 475 U.S. 717 (1986), the court addressed the party's right to waive fees in settlement of a class action brought under 42 U.S.C. § 1988, but did not have occasion to consider the specific payee of a fee award under the EAJA.  While language can be found that the EAJA "authorizes an award against the federal government and to the claimant," *see Eustache,* 601 F. Supp. at 178,  the cases also suggest that the attorney is the real party in interest.  *See Ceglia v. Schweiker,* 566 F. Supp. 188, 120 n.1 (E.D.N.Y. 1983).

The only Circuit Court to decide the precise issue in a Social Security appeal is the Tenth Circuit.  In *Manning v. Astrue,* 510 F.3d 1246 (10th Cir. 2007), the court found that the statutory language, legislative history, and case law dictate that an EAJA fee award is payable to the prevailing party, not his attorney.  However, in a recent  comprehensive and

well-reasoned decision, the District Court of Maryland rejected the Tenth Circuit's decision in *Manning*. In *Stephens v. Astrue,* 539 F. Supp. 2d 802, (D.Md. 2008), the court concluded, having considered the entire body of case law interpreting fee-shifting statutes, that "[e]xamination of the legislative history of the EAJA and principles of statutory construction support an interpretation of the EAJA that awards fees to counsel, rather than to the prevailing party, as most truly reflecting Congress' intent in enacting the statute." *Stephens, supra,* at 821. Significantly, the District Court in *Stephens* found that the plain language of the EAJA did not clearly provide for payment of the fee to the plaintiff, given the Savings Provision. Additionally, the court rejected the Tenth Circuit analysis of the legislative intent of the EAJA insofar as that court found that the EAJA was enacted to benefit the claimant, not to ensure that payment to counsel. The District Court, recognizing the realities of the Social Security system, stated that "the Social Security plaintiff's ability to challenge unreasonable government action is inextricably tied to his or her ability to retain competent counsel." *Stephens, supra,* 811; *see also Vargas v. Commissioner,* 2008 WL 699581, *6 (D.N.J. March 12, 2008) (*Manning* decision, which treats fee award as income to plaintiff, "mangles the intent of the" EAJA). Finally, the District Court examined judicial interpretations of other fee-shifting statutes and noted that courts have found that the fee award is payable to the attorney under the fee-shifting provisions of the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. §1988(b), the Internal Revenue Code, 26 U.S.C. § 7430(a)(2), the Right to Financial Privacy Act, 12 U.S.C. § 3417(a)(4), the Truth in Lending Act, 15 U.S.C. § 1640(a), the Civil Service Reform Act, 5 U.S.C. § 7701(g)(1), the Fair Housing Act, 42 U.S.C. § 1988(b), the Fair Labor Standards Act, 42 U.S.C. § 1988(b), and the False Clams Act, 31 U.S.C. § 3730. *See Stephens, supra,* at 816-821(and cases

cited therein). These cases are significant as the Supreme Court has repeatedly stated that similar provisions in fee-shifting statutes should be construed consistently. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 603 n.4 (2001); *Hensley v. Eckerhart,* 461 U.S. 424, 433 n.7 (1983). Having reviewed the relevant case law in this district and elsewhere, this court agrees with the District Court of Maryland and concludes that while the prevailing party has the right to demand attorney fees, it is the attorney who has the right to collect them.

Finally, the court notes that it has been the practice in this district that the fee award in Social Security cases be made payable to the plaintiff's attorney. *See Ballard v. Astrue,* 485 F. Supp. 2d 290 (W.D.N.Y. 2007); *Scott v. Astrue*, 474 F. Supp. 2d 465 (W.D.N.Y. 2007), *Antonetti v. Barnhart*, 438 F. Supp. 2d 145 (W.D.N.Y. 2006); *Colegrove v. Barnhart*, 435 F. Supp. 2d 218 (W.D.N.Y. 2006). In the court's view, the Commissioner has not presented a compelling basis upon which to overturn his long-standing practice of remitting the fee to the attorney, the intended recipient of any EAJA fee award. Accordingly, plaintiff's attorney is entitled to fees in the amount of $3,185.72, plus costs in the amount of $250.00, for a total sum of $3,435.72. The award is to be made payable to Joseph D. Clark, Esq., counsel for plaintiff.

So ordered.

_____\s\ John T. Curtin___
JOHN T. CURTIN
United States District Judge

Dated: May   30 , 2008
p:\opinions\06-769.may2108